**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**PUBLIC CITIZEN, INC. and TEXAS CIVIL
RIGHTS PROJECT,**
                **Plaintiffs,**

-vs-                                                                                 **Case No. A-11-CA-001-SS**

**TEXAS LOW-LEVEL RADIOACTIVE WASTE
DISPOSAL COMPACT COMMISSION and its
Executive Director, MARGARET HENDERSON,**
                **Defendant.**

## O R D E R

BE IT REMEMBERED on the 3rd day of January, 2011, the Court called a hearing in the above-styled cause on all pending matters. All the parties appeared in person through counsel. Following the hearing, the Court issued an order dismissing the case and dissolving the temporary restraining order previously issued by the Travis County District Court. Dkt. #8. The Court now explains, clarifies, and expands that order with the following opinion and orders.

### Background

The Texas Low-Level Radioactive Waste Disposal Compact Commission (the "Commission") is a unique legal entity authorized by the United States Congress under the Low-Level Radioactive Waste Policy Act, as amended by the Low-Level Radioactive Waste Policy Amendments Act of 1985. 42 U.S.C. §§ 2021b-2021j. The Commission was created in 1993 through the Texas Low-Level Radioactive Waste Disposal Compact. TEX. HEALTH & SAFETY CODE

§ 403.006.  The initial party states were Texas, Maine, and Vermont.[1]  *See* VT. STAT. ANN. tit. 10, § 7060-7069.  The United States Congress gave its consent to the Compact in 1998.  Texas Low-Level Radioactive Waste Disposal Compact Consent Act, Pub. L. No. 105-236, §§ 1-5, 112 Stat. 1542, Sept. 20, 1998.  The Commission has operated since that time with Texas as the "host state" which means Texas hosts the disposal facility to accept low-level radioactive wase for management and disposal.  *See* TEX. HEALTH & SAFETY CODE § 403.006(4.04).  The responsibility for the operations of the Commission is in the hands of the Commissioners, six of whom represent Texas and two of whom represent Vermont.  *See id.* at 403.006(3.01).

This case involves a Commission meeting to review proposed rules scheduled for January 4, 2011.  The Commission began the deliberative process by publishing a substantially similar version of the proposed rules in the Texas Register in February 2010.  Ford Aff. at ¶ 3.  Following 60 days of public comments and Commissioner deliberation, the original rule proposal was withdrawn in June 2010.  *Id.*  The proposed rules were published again, in slightly altered form, for an additional 30 days of public comment in the November 26, 2010 issue of the Texas Register.  *Id.*  A public hearing was held in Austin on December 9, 2010.  *Id.*  On December 23, 2010, the Commission gave written notice of the January 4, 2011 meeting to the Office of the Secretary of State, Texas Register Section, for publication as an open meeting and the Agenda was published on both the Texas Secretary of State's web site and the Commission's web site the same day.  *Id.* at ¶ 11.  The Agenda contained notice of the date, hour, place, and subject of the January 4, 2011 meeting.  App. Ex. D, Agenda.  It is alleged, and there is little doubt, there were two errors made in the procedure to call the meeting: (1) the Commission did not give a full 30-day comment period,

---

[1] Maine has since withdrawn from the Compact.

and (2) the email address for comments was printed incorrectly.[2]  Plaintiffs take the position these errors are so grievous that any meeting of the Commission would be illegal and therefore should be enjoined.

It would be most logical, and in the best interests of the public, for the Commissioners to simply issue a new notice, eliminate the alleged errors and ensure full compliance with the laws alleged by the Plaintiffs to be applicable.  However, it is obvious both sides are determined to litigate every real and imaginary issue possible.  For their part, Plaintiffs, despite knowing of these errors, waited until the last minute to file this lawsuit to obtain an ex parte temporary restraining order in the state court.  *See* Smith Aff. ¶ 8 (indicating knowledge of email problems).  Plaintiffs filed in state court on the afternoon of December 30, 2010, knowing that the next three days, from December 31, 2010 through January 2, 2011 were holidays.  Thus any challenge to the temporary restraining order could occur, at the earliest, on January 3, 2011, just hours before the 9:00 a.m. meeting on January 4, 2011 in Andrews, Texas which is over 350 miles away from Austin, Texas.  Thus, this Court is placed in the position of being called to act hastily and without the benefit of an adequate factual record hours before the meeting is scheduled.[3]

**A.    This Court has Jurisdiction**

Although it is a "legal entity separate and distinct from the party states," the Commission is required to conduct its business, hold meetings, and maintain records pursuant to the laws of the host

---

[2] The Texas Register listed the email address as rule.comments@tllrwdc.org, but the correct email address was rule.comment@tllrwdc.org.

[3] The full factual record will certainly be available in the event of further litigation which, like the meeting on January 4, 2011, will surely come.

state, Texas. *Id.* at 403.006(3.03; 3.04(2)).[4] Thus, the Commission follows the requirements of the Texas Administrative Procedures Act, TEX. GOV'T CODE § 2001.001, *et seq.*, and the Texas Open Meetings Act, TEX. GOV'T CODE § 551.001, *et seq.*, when conducting its meetings and seeking to adopt proposed rules. However, "jurisdiction and venue of any action contesting any action of the Commssion shall be in the United States District Court in the district where the Commission maintains its office." Tex. Health & Safety Code § 403.006(3.06). Thus this Court has jurisdiction.[5]

Plaintiffs filed this lawsuit in Travis County District Court alleging jurisdiction on the basis of violations of Texas law and the Texas Constitution and requesting immediate injunctive relief to prevent the Commission from meeting. However, at the hearing Plaintiffs took the position there was no jurisdiction in this Court because the Commission has no office nor administrative employees and thus the jurisdictional provision, § 403.003(3.06) does not give this Court jurisdiction to consider the plea to the jurisdiction which was removed. Plaintiffs are mistaken. The statute itself indicates the Commission's office is "located in the capital city of the host state," in other words in Austin, Texas. *Id.* at § 403.006(3.04(3)). In addition, the evidence presented established at least a prima facie case of jurisdiction in this Court in Austin, Texas.

---

[4] The parties each contended at various times in their pleadings and at the hearing that the Commission either is or is not a state agency, leading Plaintiffs to question whether the Attorney General of Texas has the authority to represent the Commission. It is sufficient for this opinion that the Commission must follow the laws of Texas in conducting its meetings and that this Court has jurisdiction under the Compact.

[5] The statute actually makes jurisdiction in this Court exclusive, thus the state court did not have authority to issue a temporary restraining order and it could be dissolved for that reason alone. *See In re Cornyn*, 27 S.W.3d 327, 335 (Tex. App.—Houston [1st Dist.] 2000), orig. proceeding) (when a court lacking jurisdiction enters a temporary restraining order, that order is void). As discussed below, however, even if the state court had jursidiction, it did not have authority to enjoin the Commission from meeting.

### B.      Authority to Enjoin the Meeting

Despite having jurisdiction, neither this Court nor the state court have statutory authority to enjoin the Commission from meeting as Plaintiffs request.  The Texas Administrative Procedures Act ("APA") only allows for a declaratory judgment action to challenge "the validity or applicability of a rule."  TEX. GOV'T CODE § 2001.038(a).  One may only bring a challenge for failure to follow the procedural requirements under the APA after the rule is proposed and adopted.  *See id.* at § 2001.0225(f) (allowing a declaratory judgment action after an agency has adopted a rule); § 2001.035(a)-(b) (indicating a rule is voidable if not adopted in compliance with procedural requirements and setting a deadline of two years from the effective date of the rule to challenge it on that basis).  If a Court then determines the rule was not proposed and adopted in accordance with the procedural requirements of the APA, the rule is invalid.  *See id.*

In this case, the rule is not yet adopted and there is no effective date for the proposed rules. Plaintiffs have not pointed to any authority showing otherwise.[6]  The statute provides for declaratory judgments and injunctive remedies for any of the actions of the Commission, but it does not provide any authority for this Court to prevent, by injunction, the Commissioners from holding a meeting. In short, Plaintiffs request is not ripe because there has been no rule adopted and the Court has no authority to enjoin a meeting from occurring simply because an agency may adopt a rule that may violate the APA.  This prevents a court from adjudicating "hypothetical or contingent situations." *Waco Indep. Sch. Dist. v. Waco*, 22 S.W.3d 849, 853 (Tex. 2000).

---

[6] In fact, Plaintiffs recognize that "under usual circumstances, the Court could not enjoin the Commission from voting on the proposed rule because mere adoption of the rule is not considered harmful."  Pl. Resp. [#5] at 19, citing *City of Port Isabel v. Pinnell*, 207 S.W.3d 394 (Tex. App.—Corpus Christi 2006, no pet.).  Plaintiffs argue this case is an exception but, as discussed below, there is no prejudice because Plaintiffs will have a full opportunity for relief under the APA if the proposed rules are adopted.

### C. No Irreparable Injury

Even if the Court could enjoin the meeting, a temporary injunction requires a showing of a probable, imminent, and irreparable injury and Plaintiffs fail to make such a showing. Instead, in this case, assuming these Plaintiffs have standing in a future suit, there is full remedy under APA allowing for declaratory and injunctive relief if indeed the proposed rules are adopted in violation of the procedural requirements of the APA. *See* TEX. GOV'T CODE §§ 2001.035; 2001.038.

The Plaintiffs, if they have standing, will have a full opportunity for relief—both declaratory and injunctive—on any of the actions of the Commission. Therefore there is no irreparable injury established in the record in this Court. When asked at the hearing to present evidence of any comment which was substantial and which the Commission had not seen due to the email imbroglio, Plaintiffs were unable to point to any. Instead they presented evidence that there were 34 email comments unaccounted for, a mere 0.0068% of the 5000 comments received by the Commission. In short, Plaintiffs failed to show any evidence whatsoever of irreparable injury. The APA is structured to allow challenges to any rule if the rule is adopted without following the procedural requirements. Thus, even if the proposed rules are adopted on January 4, 2011 as Plaintiffs fear, assuming these Plaintiffs have standing they are in no worse position than they were on January 3, 2011 and still have a full panoply of remedies available under both §§ 2001.035 and 2001.038.

### D. Texas Open Meetings Act Claims

In an attempt to escape the problems under the APA, Plaintiffs reframe the same arguments as violations of the Texas Open Meetings Act because that Act allows for injunctive relief to prevent threatened violations. *See id.* at § 551.142. Now, however, Plaintiffs argue the notice submitted by the Commission was insufficient under Texas Government Code section 551.041. Plaintiffs argue

the notice misstated the subject of the meeting because it stated the Commission would consider the "comments provided." *See* Pl. Resp. [#5] at 22.  In short, Plaintiffs argue this is misleading because the Commission will not be considering those comments which were sent to the improper email address.  Plaintiffs argument fails under the vast body of Texas Open Meetings Act law.  The test for the adequacy of a meeting notice under the Texas Open Meetings Act is whether the notice is "sufficiently specific to alert the general public to the topic to be considered." *Odessa Tex. Sheriff's Posse, Inc. v. Ector County*, 215 S.W.3d 458, 472 (Tex. App.—Eastland 2006, pet denied).  As discussed above, it is undisputed that the Commission properly filed its agenda with the Secretary of State.  There is no question that notice of the subject of the meeting was properly provided.  Plaintiffs may have wished the notice be worded differently.  Indeed, the notice need not be "tailored to reach those specific individuals whose private interests are most likely to be affected by the proposed government action . . . . If a 'reader' is given notice, the requirement of the Act is satisfied and its purpose served." *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991).  Thus Plaintiffs Open Meetings Act claims are defeated.

## Conclusion

The Court finds it has jurisdiction over this matter, but that neither the state court nor this Court have statutory authority to prevent the Commission from meeting in Andrews, Texas on January 4, 2011.  In addition, assuming Plaintiffs have standing, they have the legal right under the APA to challenge in this Court any actions the Commission takes at its January 4, 2011 meeting or any alleged procedural violations leading up to the meeting if the Commission adopts the proposed rules, including every issue presented in this record and in the hearing of January 3, 2011.  In accordance with the foregoing,

IT IS ORDERED that the temporary restraining order is hereby DISSOLVED. The state court had no authority to issue it, and this Court likewise lacks such authority. In addition, even if the Court had the authority, there is no irreparable injury warranting such relief. The dissolution of the temporary restraining order is without prejudice to any future litigation concerning any actions taken by the Commission on January 4, 2011.

IT IS FINALLY ORDERED that this case is DISMISSED WITHOUT PREJUDICE to any issues in any future litigation concerning the conduct or actions of the Commission leading up to and including the meeting on January 4, 2011.

SIGNED this the 4th day of January 2011.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE